UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIAM R. ABBOTT** | : | **DOCKET NO. 18-cv-0394** |
| **REG. # 57819-083** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by William R. Abbott. Abbott is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

I.
**BACKGROUND**

Pursuant to a plea agreement, Abbott was convicted in the United States District Court for the Eastern District of Virginia of one count of attempted enticement of minors to engage in illegal sexual acts, a violation of 18 U.S.C. § 2422(b), and one count of transportation of child pornography by computer in interstate commerce, a violation of 18 U.S.C. § 2552A(a)(1) *et seq. United States v. Abbott*, No. 2:07-cr-0214 (E.D. Va. Apr. 29, 2008). He was sentenced, by judgment pronounced on April 28 and signed on April 29, 2008, to concurrent terms of

imprisonment of 264 months on count 1 and 240 months on count 2. *Id.* at doc. 33. Abbott filed a notice of appeal, but then dismissed his appeal. *Id.* at docs. 35, 36, 38. On November 30, 2011, he then filed a pro se motion to vacate under 28 U.S.C. § 2255, raising constitutional challenges to his conviction and sentence.[1] *Id.* at doc. 53. The Eastern District of Virginia denied that motion, finding that it was untimely and that Abbott's claims were likewise without merit. *Id.* at docs. 58, 59. Abbott sought review in the United States Fourth Circuit Court of Appeals, which denied a certificate of appealability and dismissed the appeal. *Id.* at docs. 68, 69. On October 31, 2012, that court likewise denied Abbott's motion for authorization to file a successive § 2255 motion. *Id.* at doc. 80. On January 22, 2013, Abbott then attempted to file a successive § 2255 motion in the Eastern District of Virginia, which denied same. *Id.* at docs. 81–83. Abbott then sought authorization for a successive § 2255 motion in the Fourth Circuit, which denied same once more on March 19, 2013. *Id.* at doc. 84.

Abbott now brings the instant § 2241 petition, seeking reversal of his conviction by this court. Doc. 6. He complains that he is actually innocent of the attempted enticement and transportation of child pornography, and entitled to advance his claim in a § 2241 petition due to the Supreme Court's decisions in *Mathis v. United States*, 136 S.Ct. 2243 (2016), *Welch v. United States*, 136 S.Ct. 1257 (2016), and *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Id.*; doc. 1.

## II.
### LAW & ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to

---

[1] Filing dates for matters filed by the petitioner while proceeding pro se refer to the date that the pleading was placed in the prison mailing system, if available. If that date is not provided, this court uses the date that the pleading was received.

collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Abbott collaterally attacks his incarceration, arguing that he has been convicted of a nonexistent offense. Therefore, his claim should be advanced in a motion to vacate.

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, Abbott must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

Abbott relies on *Mathis*, *Johnson*, and *Welch*, supra, to show that he is entitled to advance his claims under the savings clause. All of these decisions, however, relate to the qualification of convictions as predicate violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e), a matter of no relevance to Abbott's conviction. Furthermore, Abbott only cites *Mathis* for the dictum, "Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." 136 S.Ct. at 2248 (internal quotations omitted). This general definition does not create new questions about the basis for Abbott's conviction.

Likewise, the circuit decisions cited by Abbott do not contain a Supreme Court decision on which he could base a non-existent offense claim that would have been unavailable to him at any prior time in these proceedings. He therefore fails to show any right to advance his claims through a § 2241 petition.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of May, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE